**Francis F. ADAMS, Executrix of the Estate of Eldred Adams, Movant,**

v.

**Jefferson PREECE et al., Respondents.**

Supreme Court of Kentucky.

May 5, 1981.

Dissenting Opinion May 8, 1981.

Concurring Opinion May 12, 1981.

Robert P. Woods, Gray, Woods & Cooper, Ashland, Eldred Adams, Louisa, for movant.

Gordon J. Dill, Jr., Creech, Conn & Dill, Ashland, Wayne L. Bromley, Sr., Louisa, for respondents.

## OPINION AND ORDER

The Court, having considered the briefs of movant and respondents and having heard oral argument in this matter, is of the opinion that discretionary review of —— S.W.2d ——, was improvidently granted.

This Court's order granting discretionary review, 609 S.W.2d 368, is vacated and the case is remanded to the Court of Appeals for the issuance of its mandate.

PALMORE, C. J., and AKER, CLAYTON and STERNBERG, JJ., concur.

STEPHENSON and STEPHENS, JJ., dissent.

LUKOWSKY, J., not sitting.

ENTERED May 5, 1981.

(s) John S. Palmore
Chief Justice

STEPHENSON, Justice, dissenting.

I take the viewpoint that the Court of Appeals' opinion is completely wrong and not supported by law or logic. I would reverse.

The basis of the Court of Appeals' holding is drawing an analogy between this case and the situation in *Modern Bakery, Inc. v. Brashear*, Ky., 405 S.W.2d 742 (1966), and applying CR 15.03 here as in *Modern Bakery*. The fallacy in this reasoning is that in *Modern Bakery* a complaint and amended complaint were involved, all matters within the scope of the Civil Rules. CR 15.03 was clearly designed as a mechanism to relate back and avoid a limitations question as in *Modern Bakery*, all within the scope of the Civil Rules.

Here we are completely outside the Civil Rules. The revivor statute, KRS 395.278, does not have a mechanism to "relate back" or an equivalent to CR 15.03. The application to "revive" is not a pleading, is not a matter covered in the Civil Rules and it defies logic to employ a Section of the Civil Rules to extend the revivor statute.

*Modern Bakery* involved a statute of limitation, here the revivor statute. It is beside the point that both reach the same result, the end of the case. The significant error in the Court of Appeals' opinion is that there is no statutory vehicle to relate back in order to extend the revivor statute, and using CR 15.03 outside of matters covered by the Civil Rules is error. I would reverse the Court of Appeals and accordingly dissent from the order vacating discretionary review.

STEPHENS, J., joins in this dissent.

PALMORE, Chief Justice, concurring.

This concurring opinion is occasioned by the filing of a dissenting opinion for publication. Its purpose is to set forth the position that led the majority of the court to vacate its order granting review of the decision reached by the Court of Appeals.

In *Modern Bakery, Inc. v. Brashear*, Ky., 405 S.W.2d 742 (1966), a wrongful-death action, when suit was filed the order appointing the plaintiff as administrator of the decedent's estate had not been entered. Hence the plaintiff had no legal capacity to bring the action. After the one-year statute of limitations (KRS 413.140) had run, the defendants moved to dismiss on the ground of the plaintiff's incapacity. The motion was granted with leave to amend the complaint, whereupon the plaintiff amended his complaint to show that the order appointing him as administrator had been duly entered in the meantime. This court held that under CR 15.03 the amendment related back to the original filing of the action and that the intervention of the statute of limitations was not a valid defense.

The only difference between that case and this one is that instead of an amended complaint the plaintiffs sought to proceed by motion for a substitution of parties. Certainly the revivor statute, KRS 395.278, is analogous to the statute of limitations in that it prescribes a period of time in which an action must be revived, just as the statute of limitations prescribes a period of time in which an action must be filed. Each relates to the time in which a step must be taken in court. If it be said that KRS 395.278 has no mechanism to "relate back," neither does KRS 413.140.

In both this case and in *Modern Bakery* a suit was pending at the time the statute of limitations would otherwise have barred it. In *Modern Bakery* the order appointing the administrator had not been entered. In this case it had been entered in the wrong court. So in each instance the plaintiff had no capacity to sue, and in each instance that defect was remedied after the statute had run but while the suit was still pending. The only distinction between the two is that in *Modern Bakery* the rectifying step in the pending suit took the form of an amended complaint, a pleading, whereas in this case it was taken by a motion. Though a motion is not a pleading, and technically is not covered by CR 15.03, the spirit and purpose of the rule is the same for each. As a matter of fact, a motion tendering an amended complaint setting up the new appointment might have served just as well. To draw a distinction on the hypertechnical basis that the corrective step took the form of a motion rather than a pleading would simply exalt form over substance and would

not be in keeping with the fundamental philosophy of the Civil Rules.